### 8512. Cox *v.* Seely.

Luke, J. The judge of the superior court did not err in refusing to sanction the certiorari.

*Judgment affirmed. Wade, C. J., and George, J., concur.*

Decided June 29, 1917. Rehearing denied September 13, 1917.

Petition for certiorari; from Berrien superior court—Judge Thomas. January 15, 1917.

From the petition for certiorari it appears, that on November 15, 1916, an affidavit for the foreclosure of a lien for labor as a washerwoman was made by Martealy Seely before a justice of the peace. The affidavit states, that the affiant is a laborer, and, as such, was employed by Henry Co. to labor for him in the capacity of a washerwoman at the rate of $1 per month, for washing his clothes for a total of 20 months; that she did the washing according to contract and completed the said contract, and on said work there is due her and unpaid the sum of $20; and that she made personal demand on her said employer for the amount due, and the same was refused; and she prays that execution issue for this sum with interest. The defendant filed a counter-affidavit, in which it is alleged: (1) The defendant is not indebted to the plaintiff. (2) He denies that any demand for payment of said note was made on him as required by law. (3) More than 12 months had elapsed since a part of said debt became due. (4) All of the defendant's clothing and property of every kind held by the plaintiff was surrendered to the defendant many months before the suing out of said lien. The case was tried in the justice's court on December 23, 1916, and the only evidence introduced is stated in the petition for certiorari as follows: "Plaintiff swore that the account was just, true, due, and unpaid, but that she had done no washing for defendant for more than two months past, and was not in possession of any of his clothing or goods of any kind or description, and was not at the time the laborer's lien was sued out." The court rendered judgment for the plaintiff, and the de-

fendant presented to the judge of the superior court his petition for certiorari, alleging that the judgment was error, for the following reasons: (*a*) It is in violation of the Civil Code of 1910, §§ 3336, 3337 (as to liens in favor of laundrymen). (*b*) The evidence shows that the plaintiff parted with the possession of all goods of the defendant months before the suing out of the lien. (*c*) It does not appear, from the pleadings or the evidence, when the plaintiff began washing or when she ended washing. (*d*) It affirmatively appears that the plaintiff did not foreclose her lien within 12 months after the work was done. (*e*) The plaintiff has no lien such as she sought to foreclose, but only the lien prescribed by sections 3336 and 3337 of the Civil Code of 1910, and therefore the proceeding is illegal and void. The petition for certiorari was denied, and the petitioner excepted. Cited in the motion for rehearing; Civil Code (1910), §§ 3334-5-6-7-8-9; *Jones* v. *Blackwelder.* 16 *Ga. App.* 346; *Saterfield* v. *Moore,* 110 *Ga.* 516; *Hawkins* v. *Chambliss,* 116 *Ga.* 814; *Palin* v. *Cooke,* 125 *Ga.* 442; *Howell* v. *Atkinson,* 3 *Ga. App.* 62; *Bryan* v. *Madison Supply Co.,* 135 *Ga.* 171; *Hudson* v. *Sutton,* 10 *Ga. App.* 844; *Shealey* v. *Livingston,* 8 *Ga. App.* 642 (3).

*Hendricks, Mills & Hendricks,* for plaintiff in error.

*Ira S. Clary,* contra.